FILED

2017 Nov-16  AM 10:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **GLENDA AVERY** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **KOCH FOODS, and KOCH FOODS OF** | ) | |
| **GADSDEN, LLC** | ) | |
| | ) | |
| **DEFENDANT.** | ) | **JURY DEMAND** |
| | ) | |
| | ) | |

## COMPLAINT

## I.     INTRODUCTION

1.     Glenda Avery is a 60 year old African American woman who began working for Defendant or its predecessors in 1974 when she was around 18 years old, and she worked at the same location for forty-two (42) years until Defendant fired her in February 2017. Through this action Plaintiff asserts that Defendant's termination of her was wrongful in violation of Title VII and the Age Discrimination in Employment Act.  Plaintiff alleges that the decision to terminate her was motivated by her race, even if Defendant had other legitimate or illegitimate reasons for that decision. Plaintiff also alleges that she was fired because of her age.

2.     This is an action alleging race discrimination in violation Title VII of the

1

Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 2000(e), et seq. (hereinafter "Title VII"), 42 U.S.C. § 1981a and 42 U.S.C.§ 1981; and Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 *et seq*. Plaintiff is entitled to equitable relief including reinstatement as well as compensatory and punitive damages, backpay, and attorneys' fees and costs.

## II.  JURISDICTION

3.  This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 1343, 2201, 2202. Venue is proper pursuant to 28 U.S.C. § 1391 and Title VII's statewide venue provision, 42 U.S.C. § 2000e-5(f)(3).

4.  Plaintiff has fulfilled all conditions precedent to the institution of this action under the ADA and Title VII. Plaintiff timely filed her charge of discrimination on February 15, 2017, which was within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed her Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC on August 28, 2017.

## III.  PARTIES

5.  Plaintiff is a citizen of the United States and a resident of the State of Alabama.

2

6.     Defendant Koch Foods and Koch Foods of Gadsden LLC (hereinafter jointly referred to in the singular as "Defendant") are entities subject to suit under the Title VII, Section 1981 and ADEA.

## IV.   FACTUAL ALLEGATIONS

7.     Plaintiff is a sixty-one (61) year old African American woman who worked at Defendant or its predecessors in the same building for around forty-two (42) years starting 1974 when she was  about 18 eighteen years old making under $2.00 an hour.

8.     Plaintiff started working on the line processing chickens and eventually became a line leader, a position she held for over thirty (30) years until Defendant fired her in February 2017.

9.     Plaintiff has had an excellent work record during her forty two (42) years of continuous employment, often arriving to work an hour before her shift began and running her lines without incident.

10.    Around the end of 2016, Plaintiff moved from her Line Leader position in the DeliWOG department, which is where whole chickens are processed for sale, and she was supervised there by a man named Noel.

11.    The DeliWOG department shut down and Plaintiff was moved to a Line Leader position in the Chiller Rehang department, where she reported to

John Williamson.

12. In January 2017, Johnny Chacon, a white male in his twenties, became Plaintiff's supervisor in the Chiller Rehang Department.

13. On Monday January 30, 2017 Plaintiff left work about 8:30 a.m. to go to the hospital for the birth of her son's first child.

14. Plaintiff returned to work about 3:00 p.m. and subsequently learned from Supervisor Chacon that she had failed to clock back into work when she returned to work.

15. According to Defendant's EEOC position statement, Chacon went through Plaintiff's time records and the security turnstile records, which records each time an employee enters the building, and decided Plaintiff was taking unauthorized breaks during the day.

16. Plaintiff worked the remainder of that week until Friday February 3, 2017, when Supervisor Chacon called Plaintiff to Human Resources.

17. When Plaintiff arrived at Human Resources she met with Supervisor Chacon and Complex Human Resources Manager, Cindy Deberry, a white woman younger than Plaintiff, and they accused Plaintiff of stealing time.

18. Plaintiff told Deberry she did not steal time, she did not break any rules and

4

supervision was aware of what she was doing and had never had an issue with it.

19.     Plaintiff explained that when Noel had supervised her in the DeliWOG department she was required to take her break at the same time as the line. Therefore she broke at around 9:15 a.m.

20.     Next, Plaintiff explained, when the DeliWOG Department closed down and she moved to the Lead Person position in the Chiller Rehang department and reported to Johnny Williams, Williams required Plaintiff to take her break at 10:00 a.m.  Therefore, when the line broke, Plaintiff would make sure the line properly prepared to run when the workers returned from break; she would then leave the line. Next, Plaintiff would return to the line about ten (10) minutes prior to start up time, to again make sure the line was ready to run.

21.     And finally, Plaintiff explained, when Johnny Chacon took over, she continued to take her breaks as she had been doing under Johnny Williams without incident.

22.     Chacon knew how Plaintiff was taking her breaks and never instructed her to do anything different.  In particular, Chacon knew Plaintiff took a break at 10:00 a.m. as she had been told to do, and that she also would smoke when

the line was down after performing the necessary checks to make sure the line was ready to run when the workers returned from brake. Despite knowing what Plaintiff was doing, nothing was said to her that she was doing anything improper.

23. Despite Plaintiff showing Defendant she had done nothing wrong and was only acting with the approval of her supervisors, Defendant terminated Plaintiff for allegedly leaving the work area on unauthorized breaks while on the clock.

24. Even if Defendant's accusations against Plaintiff were true and she took more time than allowed for breaks, that is a Type II offense in Defendant's Rules of Conduct policy, and according to Defendant's policy, Defendant should have issued Plaintiff a verbal warning, not terminated her.

25. Employees who are younger than Plaintiff or white or male either take unauthorized breaks or actually steal time including leaving the plant to eat and engage in other conduct, but they are not fired as was Plaintiff.

26. Defendant replaced Plaintiff on her line leader job with a significantly younger white male named Sean who was in his mid twenties.

27. But for Plaintiff's age, she would not have been fired.

6

28.   Plaintiff's African American race was a motivating factor in the decision to terminate her.

29.   Plaintiff's female gender was a motivating factor in the decision to terminate her.

30.   Defendant's articulated reason for terminating Plaintiff is false and/or a pretext for discrimination. And, in the alternative, even if Defendant had legitimate reasons for terminating Plaintiff, race or gender discrimination remained at least a motivating factor in the termination decision.

## V.   CAUSES OF ACTION

### COUNT I   Race Discrimination Title VII and Section 1981 Discipline and Termination

31.   Plaintiff re-alleges and incorporates by reference paragraphs 1-30 above with the same force and effect as if fully set out in specific detail below.

32.   Defendant discriminated against Plaintiff because of her African American race by disciplining her and terminating her.

33.   Defendant replaced Plaintiff with a white male employee.

34.   Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her, race was at least a motivating factor in the adverse employment actions Defendant took against her.

35.   Said racial discrimination was done maliciously, willfully, and with reckless

7

disregard for the rights of Plaintiff.

36. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

37. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### COUNT II Gender Discrimination Title VII Discipline and Termination

38. Plaintiff re-alleges and incorporates by reference paragraphs 1-37 above with the same force and effect as if fully set out in specific detail below.

39. Defendant discriminated against Plaintiff because of her female gender by disciplining her and terminating her.

40. Defendant replaced Plaintiff with a white male employee.

41. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her, gender was at least a motivating factor in the adverse employment actions Defendant took against her.

42. Said racial discrimination was done maliciously, willfully, and with reckless

disregard for the rights of Plaintiff.

43.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

44.     Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT III – AGE DISCRIMINATION UNDER ADEA**

45.     Plaintiff re-alleges and incorporates paragraphs 1-44 above as if fully set forth herein.

46.     Plaintiff brings this Count pursuant to the ADEA.

47.     Plaintiff is over forty years old.

48.     Defendant discriminated against Plaintiff on the basis of age by taking adverse employment actions against her which affected the terms and conditions of her employment, including disciplining and terminating Plaintiff because of her age.

49.     Plaintiff replaced Plaintiff with a significantly younger employee.

50.     But for Plaintiff's age, she would not have been terminated.

51.   Defendant has failed to articulate a legitimate, nondiscriminatory reason for the adverse employment actions it took against Plaintiff.

52.   Said discrimination was done willfully and intentionally.

### VI.   Damages

53.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of the defendant's unlawful conduct.

## VI.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant, including the action taken against Plaintiff by defendant, are violative of Plaintiff's rights as secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, 42 U.S.C. Section 1981a, 42 U.S.C. Section 1981 and the Age Discrimination in Employment Act.

2.   Grant Plaintiff reinstatement into the position she would have had at the appropriate pay absent the discriminatory termination, a permanent

injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3.   Award Plaintiff damages including back pay plus interest, front pay if proper reinstatement is not possible, post judgment interest, nominal damages, liquidated damages, compensatory damages, and punitive damages.

4.   Award Plaintiff reasonable costs, attorney's fees, and expenses.

5.   Award such other relief and benefits as the cause of justice may require.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

*/s/ Jon C. Goldfarb*
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANTS' ADDRESS**:
KOCH FOODS
c/o CT Corporation System

11

2 North Jackson Street, Suite 605
Montgomery, AL 36104

KOCH FOODS OF GADSDEN, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104